### Anna A. Falk *vs.* Edward Turner.

A voluntary settlement, by a woman in contemplation of marriage, of her property in trust for her exclusive benefit during her life notwithstanding the marriage, will not be set aside, after the marriage, on the mere ground that the trustee was her confidential adviser; although she is able to manage the property, and wishes to regain possession of it.

Bill in equity filed November 11, 1867, by Anna A., wife of John M. Falk, of Quincy, to set aside a deed of trust, by which, on October 27, 1866, before her marriage with said John M., she conveyed all her then estate, real and personal, to the defendant, (who was a merchant,) to hold and manage for her exclusive benefit, during her life, and notwithstanding any marriage which she might contract; said trust to be terminable at any time when in the opinion of the trustee it should be for the best interest of the plaintiff to bring it to an end, but if it should

continue until the plaintiff's death, then the trust fund to be subject to her appointment by will, or in default of such appointment be paid to her children then living and the issue of any deceased child, in equal shares, she being at the time of executing the deed a widow with minor children, issue of her marriage with Daniel P. Nye.

The defendant filed an answer under oath, on which issue was joined; and the case was reserved by the chief justice, on the pleadings and evidence, for the determination of the full court, and is stated in the opinion.

*E. Avery & R. D. Smith,* ( *G. M. Hobbs* with them,) for the plaintiff.

*A. French,* for the defendant.

CHAPMAN, C. J. The plaintiff made a conveyance of her property in trust to the defendant on the 27th of October 1866, she being then a widow, and having in contemplation the marriage with her present husband, which took place November 14, 1866. The bill seeks to set aside this trust on several alleged grounds. The principal ground is, that she was induced to execute the deed by the false representations of the defendant, and by the exercise of undue influence on his part, he being then her confidential adviser. The bill alleges that he advised her to convey her property to him, and told her that, if she did not do so, immediately after her marriage with Falk all her property, real and personal, would become his, and he could sell and dispose of it at his pleasure and leave her without a home ; that he also told her that after giving the trust deed she could still have and retain the management and ownership of all her said property the same as before, and the deed was simply and only to protect her property from being sold and conveyed away by her husband without her consent. The bill further alleges that the deed was not read by her or to her, and that she signed it without knowing its import or contents; that the schedule of property was not annexed to it at the time, nor did she know of the same till long afterwards.

The defendant in his answer denies all these allegations, and he answer, being made on oath as the bill requires it to be, is

entitled to such consideration as the law gives to a sworn answer in chancery, though the testimony of the parties given in the presence of each other, and subject to cross-examination, is more satisfactory than a written statement prepared by counsel. After careful consideration of the pleadings, and all the evidence reported by the master, and the character of the deed of trust, the court are of opinion that the allegations are not proved. The defendant was a confidential adviser of the plaintiff; but she appears to have been in a state of independence, and wholly disregarded what she avers he advised in respect to her marriage ; and where such independence exists, a contract will not be set aside merely on account of confidential relations. 1 Story Eq. § 320.

The bill also alleges that the deed was made under a mistake both of law and of fact. But on a careful examination of the evidence we fail to find proof of such mistake.

It alleges that the deed works to the wrong and injury of herself and husband. But, as her husband had no right to the property, it is difficult to perceive how he is wronged by an act which she had the right to do. Moreover, he makes no complaint, not being a party to the bill. And as to herself, one of the leading purposes of a deed of trust made in contemplation of marriage usually is to disable the wife from disposing of the property while under the influence of her husband, and thus relieve her from exposure to such influence.

The bill avers that she now desires to regain the possession and management of the property and has the ability to manage it. Nothing appears in the case to raise a doubt as to her ability, either at present or when she made the deed. But the ability of the *cestui que trust* to manage the property, or his desire to do so, has never been recognized as a ground for setting aside a trust.

It does not appear that the trust has been administered unfaithfully or injudiciously ; but the evidence shows the contrary The purchase of the mining stocks resulted in a considerable gain, of which the plaintiff had the full benefit, and the defendant denies that he invested any of the trust property in the

purchase. His dissent from the plaintiff's contract to sell a part of the real estate was judicious; for the property was sold, in consequence of his course, at a large advance. Moreover, the value of the whole property has increased largely in his hands.

Looking into the terms of the deed, we can find nothing unfair or unreasonable which would authorize a court of equity to interfere, within the principle stated in *Hildreth* v. *Eliot*, 8 Pick. 293. However desirable it may be on grounds of expediency that the present relations of the parties should cease to exist, no ground is established on which a court of equity can interfere.

*Bill dismissed.*