## WILLIAM VINEY *vs.* JAMES C. ABBOTT & others.

A voluntary settlement, completely executed, with no power of revocation reserved in the deed, cannot be revoked or set aside except on proof of mental incapacity, mistake, fraud, or undue influence.

When by the terms of a deed of settlement the income of the property is to be applied by the trustee to the benefit of the settlor during his lifetime, that does not impair the validity or effect of further trusts declared therein.

BILL IN EQUITY, filed on October 18, 1870, by William Viney, against the trustee and all persons who might claim or wish to claim any interest in or under a sealed indenture made by and between said Viney and James C. Abbott on May 24, 1870, to set aside the trusts declared in said indenture, wherein by mutual covenants, without any other expressed consideration, certain shares in the stock of banks and manufacturing corporations were transferred by Viney to be held by Abbott in trust to apply the income, so long as Viney should live, " for his maintenance, support and comfort, and for the maintenance and support of such persons as shall be dependent upon him and whom he shall by law be bound to support," and upon his death, unmarried, to pay the capital of the fund one half to his sister Dinah Williams, and

the other half to the children of his deceased sister Eliza Waite, but if he should die married, then to withhold from such payment a certain part of the fund to the amount of $5000, until the death of his widow, and meanwhile apply the income of that part to her use. No power of revocation was expressed in the indenture.

On May 30, 1870, (a week after the date of the indenture,) the plaintiff was married to Mary Powers ; and on September 4, 1870, he executed in the presence of three witnesses an instrument under seal, addressed to Abbott, reciting that he transferred the shares of stock and executed the indenture " for certain purposes and trusts therein voluntarily and without consideration declared by me, the said Viney, intending the same as a testamentary disposition of said property in part or in the whole, but not intending to part with or lose thereby my right to reclaim all said property and to have and receive back all the same for my own use," and ending as follows : " Whereas I, the said Viney, have since the date of said indenture married Mary Powers, (now Viney,) who is now living, now therefore I hereby, for the purpose of obtaining all said property for my own use and benefit, freed and discharged from all the trusts declared in said instrument, and as my own proper estate and subject to my entire control and disposition, hereby declare to you that I hereby cancel and annul all the trusts and uses declared in said instrument concerning each and all said shares and the income thereof, except so far that you are to hold the same all for and return the same to me by proper transfers and assignments, free of all trusts, and as my own property freed from the claims and demands of all persons under said instrument, and I hereby demand of you to transfer, assign and deliver to me all said shares and the income thereof, and the same will be in discharge of all your covenants under and in said instrument."

On November 25, 1870, (about a month after bringing this suit,) the plaintiff died. His wife survived him, and on December 26, 1871, was appointed administratrix of his estate, and afterwards, on her motion, was admitted to prosecute the suit. The inventory of the plaintiff's estate, exclusive of the prop-

erty which was the subject of the indenture, amounted to only $553.50.

Alfred Viney, claiming to be a son of the plaintiff by a former wife, from whom the plaintiff was divorced about a month before the date of the indenture, (but whom the plaintiff always denied to be his son,) was allowed to appear and file an answer admitting the facts alleged in the bill, and praying that its prayer might be granted. The trustee, and the plaintiff's sister Mrs. Williams, and the children of his deceased sister Mrs. Waite, answered, denying the right and power of the plaintiff to revoke the trusts.

The case was heard by *Wells*, J., and reported for the determination of the full court upon the bill, answers, a general replication, and a statement from which the foregoing facts appeared.

*D. S. Richardson*, for the plaintiff.

*A. P. Bonney*, for the defendants, except Alfred Viney.

GRAY, J. The settlement in trust of the personal property of William Viney is admitted to have been voluntarily made by him, being of sufficient mental capacity, and without fraud or undue influence. There is no evidence of its having been executed under any mistake. It is not an assignment in trust for the benefit of creditors ; but the trusts declared in it are, to apply the income during his life to the maintenance and support of himself and of such persons dependent upon him as he would by law be bound to support, and a portion thereof after his death to the benefit of his widow, if he should leave one, during widowhood, and to pay and distribute the residue to his sisters and their issue. No power of revocation is reserved. The instrument is not a mere executory agreement or covenant, but an executed conveyance under the seal of the settlor, and accepted by the trustee by becoming a party to the indenture of trust.

It is immaterial whether there was any other consideration than appears upon the face of the indenture ; for even if the settlement was purely voluntary, the case falls within the doctrine, now well established in equity, that a voluntary settlement, completely executed, without any circumstances tending to show mental incapacity, mistake, fraud or undue influence, is binding and will be enforced against the settlor and his representatives, and

cannot be revoked, except so far as a power of revocation has been reserved in the deed of settlement; and that the fact that by the terms of the deed the income of the property is to be applied by the trustee to the benefit of the settlor during his lifetime does not impair the validity or effect of the further trusts declared in the instrument. *Ellison* v. *Ellison*, 6 Ves 656. *Kekewich* v. *Manning*, 1 De Gex, Macn. & Gord. 176. *Re Way's Trusts*, 2 De Gex, Jones & Smith, 365. *Hildreth* v. *Eliot*, 8 Pick. 293. *Stone* v. *Hackett*, 12 Gray, 227. *Falk* v. *Turner*, 101 Mass. 494. *Bunn* v. *Winthrop*, 1 Johns. Ch. 329. *Dennison* v. *Goehring*, 7 Barr, 175. *Bill dismissed, with costs.*