GERTRUDE T. TAYLOR *vs.* FRED A. BUTTRICK.

Essex.    November 6, 7, 1895. — April 2, 1896.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Trust — Validity of Deed — Settlement by Woman in Contemplation of Marriage — Mistake — Burden of Proof — Absence of Power of Revocation — Restraint against Anticipation of Income.*

It is not the rule in this Commonwealth, that, upon a bill in equity to set aside a trust deed, executed by the plaintiff to the defendant, the burden of proof is upon the defendant to show that the plaintiff understood the deed.

A voluntary settlement, when completely executed with no power of revocation reserved, cannot be revoked or set aside except upon proof of mental incapacity, mistake, fraud, or undue influence.

If it appears that a deed of settlement in trust, executed by a woman just prior to her marriage, was explained to her, and that she understood its contents, there is no mistake in a legal sense because its legal effect was not fully understood by her.

That a trust deed, executed by a woman in contemplation of marriage, does not contain a power of revocation, is not such a mistake as will entitle her to have it set aside.

It is not a valid objection to a deed of settlement in trust, that it does not give the settlor sufficient protection because it contains no restraint against anticipation of the income of the trust fund, which is payable to her.

BILL IN EQUITY, filed July 19, 1895, to set aside a trust deed executed by the plaintiff to the defendant. Hearing before *Holmes*, J., who dismissed the bill; and, at the plaintiff's request, reported the case for the consideration of the full court. The facts appear in the opinion.

*B. B. Jones & J. J. Winn*, for the plaintiff.

*G. F. Richardson*, (*L. H. Kileski* with him,) for the defendant.

LATHROP, J.    This is a bill in equity to set aside a deed to the defendant in trust, executed by the plaintiff in 1893.    The plaintiff was then nearly twenty-two years of age, and she was about to be married.    Her property consisted of about $115,000, $75,000 of which she conveyed to the defendant in trust to pay the net income of the same to her during her life, and upon her death without a will, leaving child or children, to pay the principal to them; and in case she left no child surviving, then the

principal was to be paid over to those entitled to take the same under the laws of this Commonwealth. The ground upon which she seeks to set aside the deed is undue influence on the part of Frank P. Putnam, a stepfather of the plaintiff, who had also been her guardian until she became of age; and upon the further ground of a mistake, both on his part and upon hers, as to the effect of the deed.

The case was heard by a single justice of this court, upon the pleadings and evidence. The question of undue influence was disposed of at the hearing, and is no longer insisted upon. It has been found as a fact, that at the time plaintiff executed the deed she was " a very intelligent and capable woman, but without other experience in business matters and in the management of her property than what she had learned from occasional reports of her guardian, and otherwise by chance." She was advised by Mr. Putnam " to put the property in trust, and she assented to it, and left it to him to have the deed prepared for her to sign. Putnam, in so advising, acted wholly and only with a view to the plaintiff's good," and his advice was wise and proper. Putnam, not being a lawyer, relied on a lawyer who was the confidential adviser of several members of the family, including Putnam as guardian, and who also acted in good faith and to his best ability. The plaintiff now has a daughter living.

The single justice also found as follows : " I do not find precisely what the plaintiff understood as to the effect of the deed, deeming it immaterial in view of the facts reported, but I find that the plaintiff, acting freely, intelligently, and wisely, was willing to execute whatever her stepfather should recommend, and to adopt his judgment as her own. I find, further, that he explained, and reasonably supposed, from what took place between her, the lawyer, and himself, that she understood that the instrument irrevocably put the property out of her hands, and limited her to the receipt of income from a trustee. Putnam understood the operation of the deed as far as it went. His attention was not called by the lawyer to the absence of a restraint on anticipation, and of a power of revocation, nor did he notice such absence. The lawyer simply did not think of them, as they are not very usual in our every-day

conveyancing. If Putnam's attention had been called to the matter, I have no doubt he would have wanted a restraint on anticipation, if valid, but I doubt as to the power of revocation, and he would rather have had the deed as it is than no trust. Probably he assumed that the plaintiff's life estate was more inaccessible to herself and to her creditors than it is in fact. But I do not find that he had any very definite thought on the matter. He did understand, I think rightly, that the corpus of the fund, the capital, could not be taken by her creditors, to the destruction of the remainder limited by the deed."

The single justice was of opinion that, under the law of this State, the foregoing facts did not constitute a ground for setting aside a voluntary settlement, and ordered the bill to be dismissed ; and at the plaintiff's request reported the case to the full court; such decree to be made as equity might require.

We are of opinion that the ruling was correct, and in accordance with our decisions. We do not assent to the argument for the plaintiff that the burden of proof is upon the defendant to show that the plaintiff understood the deed. While the point has not been directly adjudicated in this Commonwealth, our cases proceed upon the theory that the burden is upon the plaintiff to prove the allegations of the bill. Thus, in *Falk* v. *Turner*, 101 Mass. 494, 496, it is said by Chief Justice Chapman : " After careful consideration of the pleadings, and all the evidence reported by the master, and the character of the deed of trust, the court are of opinion that the allegations are not proved." So in *Viney* v. *Abbott*, 109 Mass. 300, 302, it is said by Mr. Justice Gray, speaking of a settlement in trust : " There is no evidence of its having been executed under any mistake."

The general rule in this Commonwealth is, that a voluntary settlement, when completely executed with no power of revocation reserved, cannot be revoked or set aside except upon proof of mental incapacity, mistake, fraud, or undue influence. *Hildreth* v. *Eliot*, 8 Pick. 293. *Falk* v. *Turner*, 101 Mass. 494. *Viney* v. *Abbott*, 109 Mass. 300. *Sewall* v. *Roberts*, 115 Mass. 262. *Keyes* v. *Carleton*, 141 Mass. 45. *Thurston, petitioner*, 154 Mass. 596, 597.

In *Keyes* v. *Carleton* the plaintiff alleged that she did not

understand the full effect of the deed; that she supposed that in case of her husband's death before her own the estate would be reconveyed to her discharged of trusts; and that she executed the deed under an entire mistake and misapprehension of its force and effect, as bearing upon her rights in case her husband died before her. It was found by the justice who heard the case, that the deed was carefully read over to her; that there was no mistake, in the sense that she thought the deed contained any other or different provision than in fact it contained, and no accident in the sense that anything was omitted which was intended to be put in; and also that the contingency of her surviving her husband was not in her mind or in that of her advisers, and, if it had been, there was no means of determining what the provision, if any, would have been. It was said by Chief Justice Morton: "From these findings, it is clear that there was no mistake, in the sense that she wrongly apprehended the contents of the deed. The most that can be said is, that she did not, at the time she executed the deed, anticipate or have in her mind what would be its legal effect in the contingency of her husband's dying before her. She did not, at the time, think of this contingency, but this is not a mistake which will justify setting aside a settlement, especially when it is not shown that, if this contingency had been in her mind, she would have made a deed in any respect different."

In the case at bar it is expressly found that the plaintiff acted freely, intelligently, and wisely, and that the deed was explained to her. Whether she understood precisely what was the legal effect of the deed is unimportant, if she understood its contents. No settlement of a married woman could stand, however beneficial to the settlor it might be, if she could have it set aside on her testimony that she did not understand its legal effect. If it is shown that the instrument was explained to her, and that she understood its contents, which is fairly to be inferred from the report in this case, there is no mistake in a legal sense because its legal effect was not fully understood by her.

It is contended for the plaintiff that there was a mistake in not inserting a power of revocation; but at the time the deed was executed she was about to marry and leave her mother and stepfather. His conduct is found to have been " only with a

view to the plaintiff's good," and that, in advising her to put $75,000 of her property in trust, "his advice was wise and proper." The purpose of a trust deed made in contemplation of marriage is, as is said by Chief Justice Chapman in *Falk* v. *Turner*, to disable the wife "from disposing of the property while under the influence of her husband, and thus relieve her from exposure to such influence." If such a power had been inserted, it would have defeated the object of the settlement. *Thurston, petitioner, ubi supra.*

It is further contended that the deed did not give the plaintiff sufficient protection, because it contained no restraint against anticipation of the income; but it is well settled in this Commonwealth that "a person cannot settle his property in trust to pay the income to himself for life, with a provision that it shall not be alienated by anticipation, so as to prevent his creditors from reaching the income." *Pacific National Bank* v. *Windram*, 133 Mass. 175. *Jackson* v. *Von Zedlitz*, 136 Mass. 342.

We are aware that the courts in England, in recent times, have decided some of the questions above considered in a different manner from this court. In England, it appears from the decisions that a power of revocation is generally inserted in trust deeds, and its absence is the principal ground for setting aside such a deed ; but in this Commonwealth such a power is rarely to be found, and, as shown above, its presence would generally defeat the object for which the deed is made.

On the whole case as it is presented to us, we are of opinion that the order of the single justice dismissing the bill should be

*Affirmed.*