## J. LINDSAY WARE *vs.* LOUISE GULDA & another.

Suffolk.    November 4, 1953. — January 20, 1954.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Trust*, Spendthrift trust, Trustee's discretion.

A creditor of a settlor of an inter vivos spendthrift trust established for the sole benefit of the settlor during her life was not precluded from reaching and applying trust property in satisfaction of the debt by the facts that under the trust provisions payments of principal and income for the settlor's benefit were to be in the "sole discretion" of the trustee and that at the time in question the trustee had not exercised discretion to make any such payment.

BILL IN EQUITY, filed in the Superior Court on November 13, 1952.

The suit was heard by *Sullivan*, J.

*Richard Wait*, for the defendant The Second National Bank of Boston.

*Raymond C. Baldes*, (*J. Lindsay Ware* with him,) for the plaintiff.

WILKINS, J.    Following the decision in *Gulda v. Second National Bank*, 323 Mass. 100, a hearing on the merits led to a final decree dismissing the bill from which no appeal was taken.    The order for decree stated that Louise Gulda had not proved that her ratification of the trust instrument was procured by fraud.    In that litigation Louise was represented by the plaintiff, who brings this bill to establish her indebtedness for his legal services, and to reach and apply the trust fund of which the defendant The Second National Bank of Boston is the trustee.    Louise is a resident of California, and personal service was made upon the bank only. The bill was taken pro confesso against her.    The plaintiff filed a motion for a final decree.    Following a hearing, apparently upon statements of counsel, there was entered a final decree, which (1) established the plaintiff's debt in the

sum of $4,050 with interest; (2) ordered execution to issue against Louise in the sum of $4,861.12 and costs; (3) ordered her to pay within sixty days; and (4) in the event of her neglect to do so, ordered the bank "to pay to the plaintiff said sums out of the property, right, title and interest, legal or equitable" of Louise which the bank "had, at the time of service of the bill of complaint and of the temporary restraining order, as successor trustee of the Gulda Family Trust which consists of the proceeds of property formerly belonging to the defendant, Louise Gulda, before she caused it to be placed in said Gulda Family Trust." The only appeal is by the bank, whose argument is confined to item (4).

In 1915 Louise transferred to her son Federico "certain sums of money and other property to be held by him upon certain trusts then orally expressed by her." In 1936 Federico executed a trust instrument "for the purpose of making effective the said trust and recording it in permanent form." In 1939 Louise ratified that instrument as "a true and correct statement of the trust orally expressed by me to him." The defendant bank became trustee upon the death of Federico.

The trust instrument provides: "During the life time of Louisa [Louise] Gulda . . . the income and/or principal of this trust fund shall be expended for her support and maintenance" (paragraph VI. A). Upon her death the property was to go in varying circumstances to her two daughters and Federico. One contingency was that if both daughters survived, seventy-five per cent of the property was to continue in trust for the benefit of one of them who was not married (paragraph VI. C). The trust was to terminate on the death of the survivor of Louise and her three children (paragraph VII). "Wherever it is provided herein that any payments shall be made or monies expended for the support and maintenance of any person, such payments or expenditures are to be in the sole discretion of the trustee or trustees for the time being" (paragraph VI. F). "The trustees . . . shall have powers . . . to determine who are

the distributees hereunder and the proportions in which they shall take . . ." (paragraph IV). "The interest of any beneficiary hereunder shall not be alienated, anticipated nor assigned, nor shall it be subject to the claims of creditors . . ." (paragraph X).

The substance of what happened is this. Louise with her own property created a trust of which she was, for her lifetime, to be the sole beneficiary, if there was to be one at all. The decision as to making or withholding payments, as to both principal and income, was to be entirely in the discretion of the trustee. She was to be incapable of making an assignment of any interest in the trust property, which was intended to be beyond the reach of creditors. At the moment there is no amount which the trustee has exercised its discretion to pay to Louise, although in the past it has made payments to her both of principal and of income.

Merely because the trustee has not exercised the discretionary power conferred upon it by Louise seems to us to be an insufficient ground to distinguish this case in principle from the rule of years' standing we recently restated in *Merchants National Bank* v. *Morrissey*, 329 Mass. 601, 605: "The established policy of this Commonwealth long has been that a settlor cannot place property in trust for his own benefit and keep it beyond the reach of creditors. *Pacific National Bank* v. *Windram*, 133 Mass. 175. *Jackson* v. *Von Zedlitz*, 136 Mass. 342. *Taylor* v. *Buttrick*, 165 Mass. 547, 551. *Forbes* v. *Snow*, 245 Mass. 85, 89."

The rule we apply is found in Restatement: Trusts, § 156 (2): "Where a person creates for his own benefit a trust for support or a discretionary trust, his transferee or creditors can reach the maximum amount which the trustee under the terms of the trust could pay to him or apply for his benefit." It has substantial support in authority. *Greenwich Trust Co.* v. *Tyson*, 129 Conn. 211, 224. *Warner* v. *Rice*, 66 Md. 436. *Hay* v. *Price*, 15 Pa. Dist. R. 144. *Menken* v. *Brinkley*, 94 Tenn. 721, 728–729. *Petty* v. *Moores Brook Sanitarium*, 110 Va. 815, 817. Scott, Trusts, § 156.2. Griswold, Spendthrift Trusts (2d ed.)

§ 481. See Am. Law of Property, § 23.18. Although every exercise of the power might take property away from the remaindermen, that is no objection where the trustee could pay the entire principal to the creator of the trust.

The trustee relies upon *Crawford* v. *Langmaid,* 171 Mass. 309, where there was a bill by a judgment creditor against one who by deed had created a trust of real estate, which was all her property. The trustees were to pay the net income semiannually to the defendant, who had a power of appointment by will, and there was a gift in default of appointment. The trustees had power to sell or mortgage the real estate with the consent of the defendant, and the proceeds could be retained by the trustees or paid over in whole or in part to the defendant. The trial judge found that there was no fraud, but nevertheless ordered enough of the trust property to be sold to pay the plaintiff. In reversing his decree, it was said, "This certainly gives her no vested interest in the principal of the estate. . . . The contingency [disposition of the real estate] may never happen. If it happen, the whole matter is in the discretion of the trustees and cannot be reached by creditors" (pages 311–312). The decision is contrary to the weight of authority. Scott, Trusts, § 156. Bogert, Trusts & Trustees, § 224. Griswold, Spendthrift Trusts (2d ed.) § 478. Newhall, Future Interests (3d ed.) 167. Am. Law of Property, § 23.18. See Shattuck, 26 Boston Univ. L. Rev. 437, 442; 125 A. L. R. 584. The quoted statement with respect to the discretion of the trustees we cannot accept. The cases relied upon in its support all relate to interests of beneficiaries in trusts under wills, and no question of a settlor beneficiary is involved. To the extent of the holding that the discretion confided in the trustees precludes a creditor from reaching the principal, *Crawford* v. *Langmaid* is overruled.

There is nothing incongruous in Louise not succeeding in upsetting the trust and in her counsel, the plaintiff, now getting paid out of the trust property. The record makes clear that in her suit she failed to prove fraud. This left

her within the principle of such cases as *Taylor* v. *Buttrick*, 165 Mass. 547, and *Sands* v. *Old Colony Trust Co.* 195 Mass. 575, cited by the trustee. The plaintiff here prevails because the policy of our law does not protect the creator of a discretionary trust against the payment of a creditor in the circumstances of this case.

The plaintiff argues that the use of "shall" instead of "may" with the other language of paragraph VI. A indicates a purpose to spend at least the income during the settlor's lifetime; that as matter of law the creditor is entitled to reach the maximum amount which the trustee under the terms of the trust could pay to, or apply for the benefit of, the settlor; that the entry of the final decree imports a finding of every fact essential to its validity; and that this includes a finding that the trustee might pay from the trust the sum of $4,050 with interest and costs. We do not decide that the decree could not be affirmed for these reasons.

*Decree affirmed, with costs of appeal.*