OPINION. Van Fossan, Judge: The question is whether petitioner retained dominion and control over any interest, susceptible of valuation, in the property transferred in trust by her on June 21,1938. Petitioner established the trust in controversy, of which trust she was, during her lifetime, the sole beneficiary, at a time when she was contemplating marriage to an Italian citizen. By virtue of such marriage she would, under Italian law, become an Italian national. The then Italian Government was, at that time, subjecting foreign securities held by its nationals to stringent restrictions. To avoid such restrictions and thwart possible confiscation of the considerable property which was distributed to her on her 21st birthday, a few weeks before, petitioner, on the advice of her mother and counsel, created the subject trust and effected the transfer in question thereto. The trustees thereof were empowered by the terms of the trust instrument to hold, manage, invest, and reinvest the property as a trust fund until the death of the petitioner and to pay to her, during her lifetime, so much of .the net income as they in their absolute discretion should deem to be to her best interest. Any income not distributed could be added to principal at any time. Provisions were made for remainders over to the issue of petitioner, or in failure thereof, to her sister or brother or their issue. Subsequent to the transfer here involved, petitioner filed a gift tax return in which she reported as a taxable gift only the value of the remainder after a life estate of one then of her age. Respondent has determined and here maintains that such transfer was a complete gift of the entire amount of the property so transferred, inasmuch as petitioner reserved no interest in and control over any beneficial interest therein, susceptible of valuation by actuarial methods; that, at most, she had but an expectancy, which expectancy is not the equivalent of a life estate; and that, therefore, no amount is to be deducted from the value of the property transferred for purposes of computing the gift tax pursuant to section 501 of the Revenue Act of 1932.[1] Petitioner, on the other hand, argues that under the law of Massachusetts, by which the trust is governed, petitioner’s creditors, both prior and subsequent, could reach the maximum amount, which, under the trust, the trustees could, in the exercise of their discretion, pay to her or apply for her benefit. Therefore, petitioner reasons that she could and can at any time realize all of the economic benefit of the income accruing to the trust during her lifetime by the simple expedient of borrowing money or otherwise becoming indebted, and then relegating the creditor to the trust income for reimbursement. Petitioner’s interpretation of current Massachusetts law on the point appears correct. See Ware v. Gulda, 331 Mass. 68, 117 N. E.2d 137 (1954), wherein the Supreme Judicial Court of Massachusetts, Suffolk, held that a creditor of a settlor beneficiary of a discretionary trust, the terms of which are for all practical purposes indistinguishable from those of the trust at hand, coúld reach for satisfaction of a claim the maximum amount which the trustee could pay to the beneficiary or apply for the benefit thereof. The fact that the trustee had not exercised the discretionary power would not preclude such creditor from looking to the trust and obtaining therefrom payment out of the trust property to which the debtor, but for such failure, was entitled. In so ruling, the court said, inter alia: “The established policy of this Commonwealth long has been that a settlor cannot place property in trust for his own benefit and keep it beyond the reach of creditors. Pacific National Bank v. Windram, 133 Mass. 175; Jackson v. Von Zedlitz, 136 Mass. 342; Taylor v. Buttrick, 165 Mass. 547, 551, 43 N. E. 507; Forbes v. Snow, 245 Mass. 85, 89, 140 N. E. 418.” The rule we apply is found in Restatement: Trusts §156 (2): “Where a person creates for his own benefit a trust for support or a discretionary trust, his transferee or creditors can reach the maximum amount which the trustee under the terms of the trust could pay to him or apply for his benefit.” It has substantial support in authority. Greenwich Trust Co. v. Tyson, 129 Conn. 211, 224, 27 A. 2d 166; Warner v. Rice, 66 Md. 436, 8 A. 84; Hay v. Price, 15 Pa. Dist. R. 144; Menken Co. v. Brinkley, 94 Tenn. 721, 728-729, 31 S. W. 92; Petty v. Moores Brook Sanitarium, 110 Va. 815, 817, 67 S. E. 355; 27 L. R. A., N. S., 800; Scott, Trusts, §156.2; Griswold, Spendthrift Trusts (2d ed.) §481. * * * But cf. Herzog, Trustee v. Commissioner, 116 F. 2d 591, affirming 41 B. T. A. 509, criticizing Restatement, Trusts (1935), sec. 156 and 1 Scott, The Law of Trusts (1939), sec. 156.2. See further 1 Scott, supra, 1954 supplement, sec. 156.2, n. 3, and 6 American Law of Property, sec. 26.123, n. 3. However, Herzog, Trustee v. Commissioner, supra, aside from being otherwise distinguishable, is interpretative of New York law and is, therefore, not controlling here. In view of the clear exposition of Massachusetts law set out in Ware v. Gulda, supra, it cannot be gainsaid that petitioner’s creditors could at any time look to the trust of which she was settlor-beneficiary for settlement of their claims to the full extent of the income thereof. This being true, it follows that petitioner, as she points out, could at any time obtain the enjoyment and economic benefit of the full amount of the trust income. Under the circumstances, therefore, we answer the question posed in the affirmative, and hold that petitioner correctly returned the transfer for gift tax purposes. Respondent’s determination to the contrary is reversed. Decision will he entered for the petitioner. SEC. 501. IMPOSITION OF TAX. (a) For the calendar year 1932 and each calendar year thereafter a tax, computed as provided In section 502, shall be imposed upon the transfer during such calendar year by any individual, resident or non-resident, of property by gift. (b) The tax shall apply whether the transfer is in trust or otherwise, whether the gift is direct or indirect, and whether the property is real or personal, tangible or intangible ; * • •