In re Charles A. LANDRY, Debtor.

Jillian K. AYLWARD, Chapter
7 Trustee, Plaintiff,

v.

Charles A. LANDRY, Individually and as
Trustee of the 26 Bisbee Road Realty
Trust and Nancy G. Landry, Individually
and as Trustee of the 26 Bisbee Road
Realty Trust, and Cristan Landry, De-
fendants.

Bankruptcy No. 96–19720–JNF.
Adversary No. 97–1619.

United States Bankruptcy Court,
D. Massachusetts.

May 19, 1998.

Jillian K. Aylward, Winchester, MA, Jo-
seph H. Baldiga, Worcester, MA, for Plain-
tiff/Trustee.

Leonard A. Berkal, Salem, MA, for Defen-
dant/Debtor.

## MEMORANDUM

JOAN N. FEENEY, Bankruptcy Judge.

### I. INTRODUCTION

The matter before the Court is the Motion
for Summary Judgment filed by the Chapter
7 Trustee of the estate of Charles A. Landry
(the "Debtor") in the adversary proceeding
brought against the Debtor, his spouse and
his daughter. The Trustee seeks a determi-
nation that one-half of the remainder interest
in property located at 26 Bisbee Road, Sau-
gus, Massachusetts (the "Saugus Property"),
which is held by the Debtor and his spouse
as trustees, is property of the estate. The
issue, which requires the interpretation of a
declaration of trust executed on November
30, 1990, is whether a spendthrift provision in
the trust is enforceable where the Debtor,

who is a settlor, trustee and beneficiary, cannot act unilaterally as trustee with respect to income and principal and cannot alter, amend or revoke the trust. If the spendthrift provision is enforceable, the interest will be excluded from the bankruptcy estate under 11 U.S.C. § 541(c)(2).

The Court conducted a hearing on the Trustee's motion on April 2, 1998. At the conclusion of the hearing, the parties agreed to submit supplemental briefs in light of the decision in *Rosencranz v. McParland (In re Rosencranz)*, C.A. No. 96–11027–WGY, Slip op. (D.Mass. August 9, 1996). The parties have submitted briefs. The material facts necessary to decide the issue are not in dispute. Accordingly, the matter is ripe for summary judgment. *See* Fed.R.Bankr.P. 7056.

## II. FACTS

The Debtor filed a voluntary petition under Chapter 7 on December 17, 1996. Prior to that date, on November 30, 1990, the Debtor's parents, Ernest and Cora Landry, transferred the Saugus Property to the Debtor and his spouse as joint tenants by quitclaim deed. The Debtor and his spouse then created a life estate in themselves, jointly, with the right of survivorship, and transferred the remainder interest to themselves as trustees of the 26 Bisbee Road Realty Trust (the "Trust"). The Debtor and his spouse are the only trustees of the Trust.

The Trust contains the following pertinent provisions:

2. *Beneficiaries.* The original beneficiaries of this Trust are the following: Charles A. Landry, and Nancy G. Landry, and their daughter, Cristan Landry, all of whom are of Saugus, Essex County, Massachusetts.

Until the termination of the Trust, all distributions of income or principal shall be for the benefit of Cristan Landry.[1]

When the Trust is terminated as set out in the following sections, then the Trust proceeds shall be distributed as follows:

If Charles A. Landry, and Nancy G. Landry and Cristan Landry, are living at the time of the termination of the Trust by the Trustee, then Charles A. Landry, and Nancy G. Landry and Cristan Landry shall each receive an equal share of the Trust property.... 

3. *Trust Estate for the Benefit of Beneficiaries.* The Trustee shall hold the property conveyed to him or her as Trustee and shall receive all of the gains and profits therefrom for the benefit of the beneficiaries from time to time (and all references hereinafter to beneficiaries shall be treated as reference to those at the time are beneficiaries hereof), and shall make all distributions, or [sic] income or principal, prior to the termination of the Trust as the Trustees in their, or [sic] discretion may deem proper.

4. *Powers of Trustee.* Except as otherwise hereinafter provided, the Trustee shall have the power to deal in or with the Trust estate, as if the sole owner of the trust property, free of any trust, including, but not limited to the following specified powers:

(a) to purchase, acquire, sell, assign, mortgage, deal with, or otherwise dispose of, any and all properties and property interest and all or any part of any trust property....

5. *Term of Trust: Termination.* The Trust shall terminate no later than twenty years from date of the death of the initial Trustees hereunder, or when Cristan Landry attains the age of forty (40) years whichever occurs earlier.

*The Trustees can terminate the Trust, at any time, subject to a written vote by the majority of Trustees. If there are only two Trustees, the vote must be unanimous.*

*Such termination shall be in the sole discretion of the Trustees, subject to their determination that the termination of the Trust shall be in the best interest of the beneficiary, Cristan Landry.*

---

**1.** As the Trust *res* is the family home, there would be no income or principal to distribute, as a practical matter.

7. *Amendment of Declaration of Trust. This Declaration of Trust is irrevocable and may not be amended....*

9. *Third Party Rights Against Trust Estate Only....* · The interest of the beneficiaries shall not be assignable, attachable, or transferable, or paid by way of anticipation or in compliance with any order, assignment or conveyance, and shall not be applied to or held liable for any of the beneficiaries [sic] debts or obligations, whether in law or in equity and shall not in any even [sic] pass to the beneficiaries or his [sic] assignee or trustee under any assignment or under any insolvency or bankruptcy law, and shall not be subject to the interference or control of creditors, spouses or other persons....

(emphasis supplied).

The Trust does limit the power of the Trustees to sell the Saugus Property. Moreover, it provides that a trustee can resign as trustee "by written instrument signed and acknowledged by such Trustee" and recorded subject to prior written notice to each of the then living beneficiaries, *see* ¶ 6 of the Declaration of Trust. However, if the Saugus Property were sold, any proceeds of the sale would have to be distributed for the benefit of Cristan Landry pursuant to ¶ 2 of the Trust document, regardless of whether the Debtor was sole trustee at the time.

According to the Debtor's petition and schedules, the Saugus Property is his residence. The Debtor did not disclose receipt of any income from the Trust or the Saugus Property. The Debtor listed Cristan Landry as a dependent. At the time the Debtor filed his bankruptcy petition, Cristan was 12 years old. The market value of the Saugus Property, as of January 27, 1997 was $158,000.00. The Debtor's present interest in the life estate is property of the bankruptcy estate.

## III. ARGUMENTS OF THE PARTIES

### A. *The Trustee*

The Trustee argues that the spendthrift provision of the Trust is not enforceable based upon her analysis of the following factors:

(1) whether the trust includes a provision which restricts the beneficiaries' ability to alienate and the beneficiary's creditors' ability to attach the trust corpus; (2) whether the beneficiaries have the power to revoke the trust; and (3) whether the beneficiary has exclusive and effective control over the trust corpus, distribution of the trust corpus, and termination of the trust.

*In re Kellogg,* 179 B.R. 379, 388 (Bankr.D.Mass.1995)(citing 76 Am.Jur.2d, Trusts, § 122). The Trustee further maintains that the Debtor and his spouse maintain absolute control over the Trust because they have the ability to terminate the Trust at any time if they determine it is in the best interests of their daughter and because they each are entitled to one-third of the proceeds of a sale of the Trust property. She also argues that the spendthrift provision is not enforceable because the Debtor and his spouse created the Trust, granted themselves a beneficial interest in the Trust and retain the power to control the trust as trustees. The Trustee relies upon *Matter of Shurley,* 115 F.3d 333 (5th Cir.1997), and distinguishes *Rosencranz v. McParland (In Rosencranz),* C.A. No. 96–11027–WGY, Slip op. (D.Mass. August 9, 1996), which case shall be discussed below. In short, although she recognizes that spendthrift provisions are enforceable under state law and that a debtor's interest in a spendthrift trust is excluded from the bankruptcy estate if the spendthrift provision is enforceable, 11 U.S.C. § 541(c)(2); 179 B.R. at 388–89, the Trustee maintains that the issue of whether the remainder interest in the Trust is effectively alienated hinges on whether this Trust's spendthrift provision is valid and enforceable in accordance with Massachusetts law.

### B. *The Debtor*

The Debtor emphasizes that as trustee he can not act without the assent of the other trustee and that he lacks the authority to exercise "general power over the Trust property." He also points out that he is not the sole beneficiary of the trust.

## IV. DISCUSSION

The starting point for any analysis of whether the Debtor's bankruptcy estate has an interest in the Trust is § 541(a) of the Bankruptcy Code, which provides that, except for a few exceptions, the estate is comprised of "all legal and equitable interests of the debtor in property as of the commencement of the case...." 11 U.S.C. § 541(a). Section 541(c)(2), however, provides that "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." 11 U.S.C. § 541(c)(2). As the court stated in *In re Spenlinhauer*, 182 B.R. 361 (Bankr. D.Me.1995), *aff'd*, 195 B.R. 543 (D.Me.1996), "[s]ection 541(c)(2) and its historical antecedents have operated to save unto the debtor his or her interest in a valid 'spendthrift trust.'" 182 B.R. at 363 (citations omitted). In other words, if the spendthrift provision is valid, the Debtor's interest in the Trust is excluded from the bankruptcy estate.

 Massachusetts recognizes the validity of spendthrift trusts, *Kellogg*, 179 B.R. at 389 (citing *Bank of New England v. Strandlund*, 402 Mass. 707, 708, 529 N.E.2d 394 (1988)). However, a spendthrift trust is ineffective against creditors if the settlor creates a trust for the settlor's own benefit and retains the power to amend, revoke or invade the principal of the trust. 179 B.R. at 389. *See also Merchants Nat'l Bank v. Morrissey*, 329 Mass. 601, 605, 109 N.E.2d 821 (1953)("The established policy of this commonwealth long has been that a settlor cannot place property in trust for his own benefit and keep it beyond the reach of creditors."); and *State Street Bank and Trust Co. v. Reiser*, 7 Mass.App.Ct. 633, 638, 389 N.E.2d 768 (1979)("[W]here a person places property in trust and reserves the right to amend and revoke, or to direct disposition of principal and income, the settlor's creditors may, following the death of the settlor, reach in satisfaction of the settlor's debts to them, to the extent not satisfied by the settlor's estate.").

In *Markham v. Fay*, 74 F.3d 1347, 1356 (1st Cir.1996), the United States Court of Appeals for the First Circuit, interpreting and applying Massachusetts law, reviewed the circumstances under which a tax lien could attach to property in trusts in which a taxpayer was both settlor and trustee of the trusts. Relying in part upon the Restatement (Second) of Trusts § 156(2), it stated the following:

> ...[I]t was not improper for Fay, the settlor of the trusts, to designate herself as both sole trustee and one of the trusts' beneficiaries. Under the common law of trusts, "trustees may be included among the beneficiaries of a trust." And a sole trustee who is also the settlor may be one of two or more beneficiaries.
>
> When a trustee is also a beneficiary, she holds the legal title to the entire trust property in trust for all of the beneficiaries (including herself), has a duty to deal with it for the benefit of the beneficiaries, and does not hold legal title to any of the trust property free of trust to use as she pleases. There is no partial merger of the legal and equitable interests. It follows that a creditor generally cannot reach a trustee/beneficiary's interest in a trust, such as these, with a spendthrift provision.
>
> When a beneficiary is also the settlor, however, she cannot keep property beyond the reach of her creditors by placing it in a spendthrift trust for her own benefit. *A settlor/beneficiary's creditors therefore can reach "the maximum amount which the trustee under the terms of the trust could pay to him or apply for his benefit."* This, of course, does not mean that the interest of any other beneficiary may be reached by the settlor/beneficiary's creditors.... Whether the tax lien in this case attaches to the entire property of each trust depends on whether the trust instruments give Fay the power to eliminate the other beneficiaries interests.

*Id.* at 1355–56 (citations omitted, emphasis supplied). Citing *Reiser*, among other Massachusetts case, the court concluded as follows:

> ...we hold that the federal tax lien on Fay's individual property, reaches the entire assets of the ... [trusts] ... because Fay has the power to eliminate the other beneficiaries' interest and treat the trust

property as her own based on the following combination of provisions in the trust instruments: (1) Fay as settlor has the power to alter, amend or revoke, which, if exercised could result in the entire trust property vesting in her; (2) Fay as trustee has absolute discretion to pay income and principal to the beneficiaries, including herself, in whatever proportion she deems appropriate, even if such payments entirely deplete the other beneficial interest; and (3) Fay is settlor, trustee and a beneficiary.

*Id.* at 1359.

Similarly, in another case from the district of Massachusetts, the court in *Rosencranz* considered the dismissal of the debtor's Chapter 13 case on grounds that the debtor omitted certain assets, including his interest in a spendthrift trust, overstated aspects of his expenses and, therefore, filed his case in bad faith. On appeal the debtor challenged the bankruptcy court's determination that property he claimed to hold as a beneficiary of a spendthrift trust should have been included among his assets. The debtor's mother had established a trust in 1979 into which the debtor's great uncle and grandmother transferred property. The debtor's mother served as the trustee and his grandmother and great uncle were beneficiaries. In 1981, the debtor created a trust into which his great uncle transferred the property which was the debtor's home. The debtor served as the trustee of the 1981 trust and was one of three beneficiaries. The debtor maintained that he could not alienate the property in the trust because of the trust's spendthrift provision.

The district court in reviewing the trust's provisions stated that "[b]ecause Rosencranz does not have the power to destroy his mother's and his brother's interest in the 1981 Trust, his status as both trustee and co-beneficiary is insufficient to allow for the avoidance of the spendthrift provisions." Slip op. at 7. The district court, citing

*Markham,* 74 F.3d at 1356 and *Kellogg,* 179 B.R. at 388, stated the following:

> ...While a beneficiary who provided the trust corpus (in other words, who was also the settlor) may not frustrate her creditors with a spendthrift trust, a beneficiary who acts as trustee of a spendthrift trust enjoys the benefit of its protection so long as she was not also the settlor.

*Id.* at 9.

In *Ware v. Gulda,* 331 Mass. 68, 117 N.E.2d 137 (1954), the Supreme Judicial Court held that a "creditor is entitled to reach the maximum amount which the trustee under the terms of the trust ... [in which the trustee had discretion to expend income and principal for the benefit of the settlor during her lifetime] ... could pay to, or apply for the benefit of, the settlor...." *Id.* at 72, 117 N.E.2d 137. The court stated the following:

> Merely because the trustee has not exercised the discretionary power conferred upon it by ... [the settlor] ... seems to us to be an insufficient ground to distinguish this case in principle from the rule of years' standing we recently restated in *Merchants National Bank v. Morrissey,* 329 Mass. 601, 605, 109 N.E.2d 821 ...: "The established policy of this commonwealth long has been that a settlor cannot place property in trust for his own benefit and keep it beyond the reach of creditors...."
>
> \* \* \* \* \* \*
>
> The rule we apply is found in Restatement: Trusts, § 156(2): "Where a person creates for his own benefit a trust for support or a discretionary trust, his transferee or creditors can reach the maximum amount which the trustee under the terms of the trust *could* pay to him or apply for his benefit."

331 Mass. at 70, 117 N.E.2d 137 (citations omitted)(emphasis added). *Cf. Cohen v. Commissioner of Division of Medical Assistance,* 423 Mass. 399, 668 N.E.2d 769 (1996).[2]

---

**2.** In *Cohen,* the Supreme Judicial Court stated the following:

Section 156 of the Restatement deals with a device, like the MQT [Medicaid qualifying trust], concocted for the purpose of having

your cake and eating it too: the self-settled, spendthrift trust. Under such a trust, a grantor puts his assets in a trust of which he is the beneficiary, giving his trustee discretion to pay out monies to gratify his needs but limiting

512

The Trustee relies upon case law from other jurisdictions. In *Shurley*, the United States Court of Appeals for the Fifth Circuit considered "whether the entirety of a beneficiary's interest in a spendthrift trust is subject to creditors' claims where the trust is only partially self-funded by the beneficiary." 115 F.3d at 338. The court found that the trust in question qualified as a spendthrift trust under Texas law because it vested control of the trust in the trustee, denied the beneficiaries control over trust assets and denied creditors access to trust assets. *Id.* at 337. Nevertheless, the court held that "the property [a ranch] which [the debtor] contributed to the trust ... is not protected from creditors under state law and is therefore property of the bankruptcy estate, but that all other assets of the trust are not property of the estate." *Id.* at 338 (footnote omitted). In addition, the court, relying upon the Restatement (Second) of Trusts § 156(2) (1959), held that because creditors could reach the settlor's portion of the trust property, i.e., the ranch, as well as her income from it, the trust property was property of the estate even though the debtor only had a life estate in the ranch and other trust assets in the form of an equitable interest in the income from the trust assets during her life. *Id.* at 339.

Similarly in *Spenlinhauer*, the bankruptcy court considered the issue of whether the debtor's one-third beneficial interest in a spendthrift trust was excluded from the bankruptcy estate under § 541(c)(2) where the debtor was one of three settlors and one of three trustees. The trust, which included a spendthrift provision, vested discretion in the trustees to hold or sell property and to

distribute income and proceeds of property sales and to alter, amend or terminate the trust. The court determined that the debtor's interest in the trust was property of the estate. Citing Restatement (Second) of Trusts § 156 (1959), it stated the following:

It is no answer that the debtor is one of several settlors and, at the same time one of several beneficiaries. As to the self-settling spendthrift trust beneficiary, transfer restrictions will not remove his beneficial interest (sole or partial) from his creditors' reach. See Restatement § 156 cmt. f (addressing a situation in which the self-settling beneficiary is "one of the beneficiaries"); IIA Scott on Trusts § 156 at 167–68 ("To the extent which the settlor himself takes an interest under the trust ... that interest is subject to the claims of his creditors even thought the creation of the trust was not a fraudulent conveyance.") ... Thus, the Trust's antialienation terms cannot stand. [The debtor's] beneficial interest in the trust is within his bankruptcy estate.

182 B.R. at 364 (citations partially omitted); *see also* 195 B.R. at 547.[3] The court added "[w]hatever the value of [the debtor's] one-third interest in income and principal, it is within the estate." *Id.* at 365.

■ Reviewing the principles set forth in the foregoing cases, it is evident that the ability to alter, amend or revoke a trust with a spendthrift provision is a critical, but not dispositive, feature that affects the determination of whether the trust *res* or some portion of it should be considered property of the settlor. Although all of the factors articulated by the First Circuit in *Fay* are not

that discretion so that the trustee may not pay the grantor's debtors. Thus, the grantor hopes to put the trust assets beyond the reach of his or her creditors. Like the MQT statute, § 156 defeats this unappetizing maneuver by providing that, even if those assets are sought to be shielded by the discretion of a trustee, or if the trust simply declares assets unavailable to creditors, the full amount of the monies that the trustee could in his or her discretion "under the terms of the trust" pay to the grantor, is the amount available to the grantor and thus to his or her creditors....
423 Mass. at 414.

**3.** The district court stated:

This Court is unpersuaded by Debtor's assertion that spendthrift provisions are invalid only when there is a sole settlor who is also the sole beneficiary. In fact, spendthrift provisions have been found to be unenforceable when the same person is one of multiple settlors and/or multiple beneficiaries.
195 B.R. at 547 (citing *Matter of Hall*, 22 B.R. 942 (Bankr.M.D.Fla.1982); *Murphey v. C.I.T. Corp.*, 347 Pa. 591, 33 A.2d 16 (1943); *Bank of Dallas v. Republic Nat'l Bank of Dallas*, 540 S.W.2d 499 (Tex.Civ.App.1976); and *Farmers State Bank v. Janish*, 410 N.W.2d 188 (S.D. 1987)).

present in the instant case, the Court is persuaded that because Massachusetts has adopted § 156(2) of the Restatement (Second) of Trusts Massachusetts courts would follow the approaches taken by the United States Court of Appeals for the Fifth Circuit in *Shurley* and the bankruptcy and district courts of Maine in *Spenlinhauer*.

■ With respect to the instant Trust, the declaration of Trust limits the trustees discretion to pay income and principal for the benefit of Cristan Landry. However, the debtor and his spouse, as Cristan's parents, have an obligation to support her regardless of the Trust's provisions. Accordingly, the Court finds that the provisions in the Trust granting the trustees discretion to pay income and principal to their daughter can be viewed as a vehicle to keep the Saugus Property out of reach of creditors. The Saugus Property, which is their residence, is unlikely to generate income. Accordingly, the Trust provision vesting discretion in Cristan's parents to pay such income and principal to their daughter merely gratifies the trustees' need to support their daughter. *See Cohen*, 423 Mass. at 414, 668 N.E.2d 769. Thus, it is merely a device to shield that residence from creditors. Accordingly, the Debtor's one-third beneficial interest in the remainder interest in the Saugus Property—the maximum amount that he could obtain if the he and his spouse elected to sell the Saugus Property and terminate the trust—is property of the estate, along with his present life interest.

## V. CONCLUSION

In view of the foregoing, the Court grants the Trustee's Motion for Summary Judgment in part and denies it in part to the extent the Trustee seeks one-half the remainder interest in the Trust.