**In re Robert John KELLEHER, Debtor.**

**Bankruptcy No. 81–144–BK–J–GP.**

United States Bankruptcy Court,
M. D. Florida,
Jacksonville Division.

July 28, 1981.

Victor E. Raymos, Jacksonville, Fla., for trustee.

Gregory K. Crews, Jacksonville, Fla., for debtor.

### ORDER SUSTAINING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTIONS

GEORGE L. PROCTOR, Bankruptcy Judge.

The debtor has claimed as exempt his interest in a testamentary trust set up by the last will and testament of Ellen C. Kelleher. The parties have stipulated that the trust is a spendthrift trust.

The Trustee contends that the debtor's interest in the spendthrift trust may not be claimed as exempt under § 522. He is correct. There is no federal, state, or local law which exempts an interest in a spendthrift trust. However, the Trustee's victory is a hollow one.

Although the question has not been squarely presented to the Court, it appears that the debtor's interest in the property claimed as exempt is not property of the estate. Section § 541(c)(2) excepts from the estate interests in spendthrift trusts to the extent their restrictions are enforceable under applicable non-bankruptcy law. Spendthrift trusts are enforced and upheld as valid in Florida. *Waterbury v. Munn*, 159 Fla. 754, 32 So.2d 603 (Fla.1947).

Wherefore, the Trustee's objection is sustained, but in the interest of judicial economy, the Court here states that it would rule that the property is not property of the estate.