**FARMERS STATE BANK, Parkston, South Dakota, Plaintiff and Appellee,**

v.

**Agnes JANISH, Defendant and Appellant,**

and

**Norwest Capital Management and Trust, S.D., of Sioux Falls, South Dakota, Garnishee and Appellant.**

No. 15496.

Supreme Court of South Dakota.

Considered on Briefs April 21, 1987.

Decided Aug. 5, 1987.

Robert E. Hayes, Davenport, Evans, Hurwitz & Smith, Sioux Falls, for plaintiff and appellee.

Rick Johnson, of Johnson, Eklund & Davis, Gregory, for defendant, garnishee, and appellants.

SABERS, Justice.

Agnes Janish (Agnes) and garnishee Norwest Capital Management and Trust (Norwest) appeal a judgment allowing the garnishment of a trust in which Agnes is beneficiary. We affirm.

*Facts*

On June 2, 1980, members of the Rudy Janish family were involved in a head-on collision with another vehicle. Rudy Janish and his son, Robert, were killed. His wife, Agnes, and his daughters, Kathy and Mary Beth, were injured. Separate suits for recovery were instituted against the other driver by Agnes, Kathy, Patrick Janish as guardian ad litem for Mary Beth, and on behalf of the estates of Rudy and Robert Janish. In September of 1983, the Janish family was offered $125,000 to settle all the combined claims. The family decided to accept the offer and placed the net proceeds of $89,000 in an irrevocable trust, known as the "Rudy Janish Family Trust" with Norwest as trustee. The trust was submitted to and approved by the circuit court. The trust agreement provided that all income from the trust was to be available to Agnes until she became eligible for Social Security. This income was to be used for her support and the benefit of Kathy and Mary Beth. After Agnes became eligible for Social Security, the trust agreement allowed the beneficiaries to demand a disbursement of their share of the

trust corpus and any accumulated income. According to the trust agreement, the percentage interests held by the beneficiaries were: Mary Beth, (3%); Kathy, (16%); and Agnes, (81%).

At the time of Rudy Janish's death, Rudy and Agnes were indebted to Farmers State Bank (Farmers), in the amount of $31,900. Following Rudy's death, Agnes renewed one note with Farmers and executed a second note for $8,200 to buy farm equipment. The notes were secured by farm personal property. In May of 1984, Farmers brought an action against Agnes for possession of the personal property and judgment in the amount of the notes, plus interest. The farm personal property was acquired and sold. Subsequently, Farmers secured a default judgment against Agnes for $36,686.01 on March 7, 1985. On November 7, 1985, Farmers sought to garnish Agnes' interest in the Janish Family Trust. Agnes and Norwest resisted the garnishment. The circuit court allowed the garnishment.

### Agnes' Claims

Agnes claims that Farmers' garnishment should have been dismissed because of its failure to take issue with the garnishee disclosure within thirty days, as required by SDCL 21–18–30. She further claims that the irrevocable, spendthrift trust was not subject to garnishment by a creditor of one of the beneficiaries.

### 1. WAIVER OF WRITTEN NOTICE OF TAKING ISSUE PURSUANT TO SDCL 15–6–61

■ In conjunction with this action, garnishee, Norwest, filed a garnishee disclosure statement which was served upon Farmers on November 29, 1985. This statement declared Norwest had no funds belonging to Agnes in its possession or under its control. SDCL 21–18–30 states that the garnishee's answer is conclusive as to liability unless "the plaintiff *shall* within thirty days serve upon the garnishee a notice in writing that he elects to take issue on his answer." (Emphasis added.) Farmers did not file the required written notice of issue prior to trial.

Immediately before the trial to the court was to begin on June 23, 1986, counsel for Agnes and Norwest brought the absence of the written traverse to the court's attention. The court ruled that this requirement had been waived by Agnes and Norwest. The court found that although Farmers had not filed a written statement of issue, neither had Agnes and Norwest responded to Farmers' interrogatory requesting the legal basis for any defense to be asserted. There was no evidence that Agnes or Norwest had been prejudiced by the failure to receive the written notice of issue. The court concluded that dismissing the action would be pointless; Farmers would simply start the process over again. To enforce the traverse requirement when both parties were in the courtroom and ready to go to trial would be an idle and meaningless act.

SDCL 21–18–30 clearly requires the plaintiff in a garnishment action to notify the garnishee in writing of the intent to take issue with the garnishee's disclosure where such disclosure is adverse to the plaintiff's position. Where the statute mandates certain procedures, counsel is well advised to comply with such mandates. However, SDCL 15–6–61[1] requires the court at every stage of the proceeding to ignore defects which do not affect the substantial rights of the parties. In this case, there was correspondence and pretrial negotiation between counsel for all parties from the filing of the garnishee disclosure to the date of trial. There is clear evidence that both sides were well aware of the issue to be tried. Counsel for Agnes and Norwest knew far in advance of trial that

---

1. SDCL 15–6–61 provides:
   No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

no traverse had been filed by Farmers, yet he did nothing until the trial was about to begin, and, in fact, failed to respond to opposing counsel's interrogatory on legal defenses to be asserted. Under these circumstances, there was no prejudice to any substantial rights of appellants, Agnes and Norwest. SDCL 15–6–61.

## 2. TRUST WAS SUBJECT TO GARNISHMENT BY CREDITOR OF SETTLOR–BENEFICIARY

■ The trial court found the trust to be against public policy and the interest of Agnes in the trust to be garnishable. The validity of spendthrift trusts created by the settlor for the benefit of others has been recognized. In such cases, the trust is not open to garnishment by creditors of the beneficiary. But the majority rule is different where the settlor is also a beneficiary:

> 1) Where a person creates for his own benefit a trust with a provision restraining the voluntary or involuntary transfer of his interest, his transferee or creditors can reach his interest.

Restatement of Trusts 2d, § 156. This rule controls even though the trust is a trust for support or a discretionary trust. Restatement of Trusts 2d, § 156(2). *See* §§ 154, 155. *See also Bank of Dallas v. Republic Nat. Bank of Dallas*, 540 S.W.2d 499 (Tex.Ct.App.1976); Bogert, *Trusts and Trustees*, 2d ed. rev., § 223, p. 438.

■ The funding of this trust came from the settlement proceeds which Agnes and her children received in satisfaction of their suits. The settlement agreement did not require that these proceeds be placed in trust. The creation of the trust, and the subsequent approval by the circuit court, was at the request of the Janish family. Although Agnes was only one of the settlors and beneficiaries, the trust agreement itself acknowledges that she holds a majority (81%) interest in the trust.

Agnes claims that the purpose of the trust was to support the entire family and

that there was no intent to defraud creditors of Agnes. She confuses the denomination of the trust as being against public policy with a finding of intent to defraud. As Comment a. to Restatement of Trusts 2d, § 156 states: "[I]t is immaterial that the settlor-beneficiary had no intention to defraud his creditors." It was not necessary for the court to find that Agnes and her children created this trust with the intent of avoiding her creditors; nor was it necessary to conclude that the trust was against public policy. It was only necessary that Agnes be a settlor and a beneficiary of this trust to render its spendthrift provisions ineffective against creditors, and allow them to reach her trust funds.[2] Restatement of Trusts 2d, § 156(1) and (2).

We affirm.

All the Justices concur.

---

**2.** Although not significant here because Agnes Janish's share in the trust is sufficient to satisfy this creditor's claim, it should be noted that

only the interest of the debtor in the trust can be reached by her creditors.