In re Merrill KARLEN and Rosemarie Karlen, d/b/a Karlen Family Ranch, Karlen Boy's Trust and Karlen Girl's Trust, Debtor.

Merrill KARLEN and Rosemarie Karlen, d/b/a Karlen Family Ranch, Karlen Boy's Trust and Karlen Girl's Trust, Appellants,

v.

UNITED STATES of America and Bureau of Indian Affairs, Appellees.

No. 88-5487.

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1989.

Decided Sept. 19, 1989.

Rehearing Denied Oct. 18, 1989.

Wanda Howey–Fox, Yankton, S.D., for appellants.

Robert J. Haar, Sioux Falls, S.D., for appellees.

Before JOHN R. GIBSON and WOLLMAN, Circuit Judges, and BROWN,* Senior Circuit Judge.

WOLLMAN, Circuit Judge.

Merrill Karlen and Rosemarie Karlen, doing business as Karlen Family Ranch, together with Karlen Boy's Trust and Karlen Girl's Trust, appeal the district court's[1] ruling that a garnishment by the United States of America, acting through the Bureau of Indian Affairs (BIA), attached to funds held by the law firm Johnson, Johnson and Eklund (law firm) for the beneficial interest of Merrill Karlen. We affirm.

The BIA obtained a judgment against Merrill Karlen in March 1980 for $31,575 plus accruing interest. Levies against Merrill Karlen were returned unsatisfied.

Almost three years later, the Karlens obtained a judgment of $217,552.25 in an unrelated matter. The money was delivered to the law firm, which had represented them in this matter. Of the total amount, $54,851.55 belonged to Merrill Karlen, and the remainder belonged to trusts created for the Karlens' children.

Because the Karlens owed various fees to the law firm, the law firm filed an attorney's lien for $23,591.93 against Merrill

---

* The HONORABLE JOHN R. BROWN, United States Senior Circuit Judge for the Fifth Circuit, sitting by designation.

1. The Honorable John B. Jones, United States District Judge for the District of South Dakota.

Karlen's account under S.D. Codified Laws Ann. § 16–18–21, leaving Merrill Karlen with $31,259.62 in unencumbered funds.

The BIA served a garnishment on Merrill Karlen and the law firm in early February 1983 to recover on its judgment. The law firm filed a garnishee's affidavit on February 14, 1983, which essentially stated that the law firm did not hold funds belonging to Merrill Karlen. Specifically, the affidavit provided that "the garnishees are in no way liable to the defendant, Merrill Karlen, in any amount nor are the monies held by the garnishees subject to levy, execution or garnishment by the plaintiff." The BIA did not respond in writing to this affidavit and did not make a further attempt to collect the funds for more than five years. Meanwhile, $33,000 was placed in a trust under an indemnity agreement between the law firm and Rosemarie Karlen as trustee.

In 1985, the Karlens filed for bankruptcy. In early August 1987, they sought permission from the bankruptcy court to use the funds in the trust held in the law firm's name. At this point, August 21, 1987, the BIA objected to the proposed use of the funds in question.

The parties submitted a stipulation of facts to the bankruptcy court. Stipulation No. 3 provided in relevant part: "Of said sum, [the $217,552.25 which the Karlens recovered in the unrelated judgment] $54,-851.55 was that of Merrill Karlen * * *. Said monies were still in tact [sic] and under the control of said law firm as of February 14, 1983."

The bankruptcy court[2] ruled that the BIA garnishment did not give the BIA a legal interest in trust funds held by the law firm, holding that those funds belonged to Rosemarie Karlen as trustee rather than to Merrill Karlen.

The district court reversed the decision of the bankruptcy court, holding that Merrill Karlen was required to satisfy the judgment from funds being held in trust by the law firm.

The Karlens contend there were no funds available to the BIA for garnishment because the law firm had a superior right to the funds in Merrill Karlen's name. The Karlens assert that Merrill Karlen executed an assignment of his share of the proceeds from the judgment to the law firm for payment of outstanding legal bills prior to the garnishment.

■ We agree with the district court that the BIA's garnishment was superior to the rights of the law firm in the funds held by the firm. Stipulation No. 3 clearly established that the law firm did have funds belonging to Merrill Karlen. Likewise, the law firm's garnishee's affidavit established that the law firm had no lien or legal claim on these funds beyond the lien for $23,-591.93 described above.

South Dakota law provides that the garnishee's answer shall be conclusive of the truth of the facts stated therein unless the plaintiff serves a notice upon the garnishee in writing within thirty days that the plaintiff elects to take issue on the answer. S.D. Codified Laws Ann. § 21–18–30. The Karlens contend that the BIA's failure to comply with this statute bars the BIA from contesting the truth of the facts set forth in the law firm's affidavit. The district court refused to consider this contention because it was not raised until appeal. The Karlens, however, contend that this issue was presented to the bankruptcy court by stipulated facts, exhibits, and arguments of counsel.

■ Assuming that the issue was raised in the bankruptcy court and thus was properly before the district court, we conclude that the BIA's failure to comply with section 21–18–30 did not bar it from contending that in fact it had a valid claim to funds held by the law firm. The Supreme Court of South Dakota has held that noncompliance with section 21–18–30 is not fatal to a garnishment action where it is clear that all of the parties were aware that the matter of the truthfulness of the garnishee's affidavit would be an issue that would be tried.

2. The Honorable Peder K. Ecker, United States Bankruptcy Judge for the District of South Dakota.

*Farmers State Bank v. Janish*, 410 N.W.2d 188, 189 (S.D.1987).

We conclude that the rationale of the *Janish* case applies with equal force to this case. It is clear that the parties were well aware that one of the issues to be determined was the question whether the law firm in fact held funds belonging to Merrill Karlen that were properly the subject of the BIA's garnishment. Accordingly, because the Karlens can point to no prejudice resulting therefrom, the BIA's failure to comply with section 21–18–30 did not bar it from contesting the truth of the garnishee's affidavit.

The district court's judgment is affirmed.

JOHN R. BROWN, Senior Circuit Judge, concurring.

I concur but with the fixed restriction that none of the funds, if any, belonging to the Karlen Boy's Trust and Karlen Girl's Trust are subject to or recoverable by the United States (for the BIA) under its writ of garnishment.