**In re Robert J. SPENLINHAUER, Debtor/Appellant.**

**Robert J. SPENLINHAUER, Appellant,**

v.

**SPENCER PRESS, INC., Appellee.**

Civ. No. 95–0324–P–C.

United States District Court, D. Maine.

May 13, 1996.

Anthony E. Perkins, Bernstein, Shur, Sawyer & Nelson, Portland, Maine, E. Stephen Murray, Christopher B. Branson, Murray, Plumb, & Murray, Portland, Maine, for Appellant.

U. Charles Remmel, II, Kelly, Remmel & Zimmerman, Portland, Maine, for Appellee.

Stephen G. Morrell, Eaton, Peabody, Bradford & Veague, P.A., Brunswick, Maine, United States Trustee.

### MEMORANDUM OF DECISION AND ORDER AFFIRMING DECISION OF THE BANKRUPTCY COURT

GENE CARTER, Chief Judge.

Robert J. Spenlinhauer, the debtor, appeals from an order entered by the Bankruptcy Court (Haines, B.J.) concluding that Debtor's interest in a trust containing a spendthrift provision should be included in the bankruptcy estate. Before this Court, Debtor contends that (1) the Trustee's objection was untimely pursuant to Federal Rule of Bankruptcy Procedure 4003(b), (2) Spencer Press, Inc. (SPI) lacks standing to assert an objection, and (3) the Bankruptcy Court erred in invalidating the spendthrift provision of the trust. Finding no error in the decision of the Bankruptcy Court, this Court will affirm the Order.

## I. FACTS

The case was presented to the Bankruptcy Court on the following stipulated facts. Stipulation (Docket No. I-2). The JRS Realty Trust (the Trust) was formed on March 1, 1979, by brothers John E. Spenlinhauer III, Robert J. Spenlinhauer, and Stephen P. Spenlinhauer. *Id.* ¶ 1. In 1979, the Trust purchased undeveloped land in Wells which was developed into the Wells Industrial Park. *Id.* ¶¶ 2, 4. The Trust conveyed its interest in all but one of the lots. *Id.* ¶ 4. The Trust leases the remaining lot from the Wells Industrial Development Corporation, which holds the title to the lot. *Id.* ¶ 5. The lease affords the Trust an option to purchase the property for $1.00 at the end of the lease term in the year 2001. *Id.* ¶ 5. The Trust subleases the lot to Spencer Press of Maine, Inc., and the rent payment for the lease and the sublease are equal. *Id.* ¶ 5.

Spencer Press of Maine, Inc. is a wholly owned subsidiary of Spencer Press, Inc. (SPI). *Id.* ¶ 3. The three Spenlinhauer brothers ran SPI and were its principal shareholders until 1988, when Robert sold his shares and left the business. *Id.* ¶ 3.

In addition to acting as the settlors of the Trust, the three brothers are the trustees of the Trust and are vested with discretion to hold or sell the property, to distribute income, and to alter, amend or terminate the Trust. The Trustees may act only by majority vote. Each brother holds a one-third beneficial interest in the corpus and income of the Trust. The Trust contains a thoroughgoing restriction on each beneficiary's ability to alienate his interest which provides:

> The beneficial interest of any and all persons hereunder shall not be attached, taken upon execution or alienated in any way or manner whatsoever, voluntarily or involuntarily, and our said trustees may make payments of income and of principal as authorized hereunder, directly to third persons for the benefit of any beneficiary hereunder, if our said trustees deem it advisable to do so.

On September 28, 1990, Robert Spenlinhauer voluntarily filed for Chapter 11 bankruptcy. On October 21, 1994, the case was

converted to Chapter 7. Debtor was required to disclose all his assets and list the property he claimed as exempt from the estate. *See* Fed.R.Bankr.P. 1007, 4003. Debtor failed to list either the Trust as an asset or the property as exempt.[1]

By a motion dated December 1, 1994, SPI contended that the Trust is not a valid spendthrift trust that could be exempt from the estate. *See* Objection to Claim of Exemption and/or Classification by the Debtor (Docket No. I–1). In such motion, SPI noted that Debtor had "claimed that the one-third interest held by the Debtor in JRS Realty Trust might be considered exempt property or otherwise not property of the estate under § 542(c)(2) [sic] of the Bankruptcy Code." *Id.* at 1. At oral argument on March 23, 1995, the Trustee joined in SPI's objection. Transcript of March 23, 1995, Hearing at 4 (Docket No. I–8).

The Bankruptcy Court concluded that the spendthrift provision of the Trust was invalid because Debtor was both a settlor and a beneficiary. The court declined to address Debtor's challenge to SPI's standing as a contingent creditor because the Trustee, who has standing, had joined in SPI's contention that Debtor's interest in the Trust was property of the bankruptcy estate. The court further concluded that the Trustee's objection was not untimely pursuant to Federal Rule of Bankruptcy Procedure 4003(b) because the issue was the extent of the bankruptcy estate rather than a claim of exemption by Debtor. Therefore, the court determined that Debtor's interest in the Trust should be included in the bankruptcy estate. Debtor appeals from that Order.

## II. DISCUSSION

### A. Timeliness of Trustee's Objection

■ The Debtor contends that the Trustee failed to enter a timely objection to the claim of exemption for the Trust because the objection was not filed within thirty days of the conclusion of the meeting of the creditors as required by Federal Rule of Bankruptcy Procedure 4003(b).

The definition of property of the bankruptcy estate is set forth by 11 U.S.C. § 541(a). Specifically *excluded* from the bankruptcy estate is property defined under sections 541(b) and (c)(2). In addition, the debtor may attempt to *exempt* certain property from the bankruptcy estate pursuant to 11 U.S.C. § 522. Pursuant to section 522(*l*)[2] and Federal Rule of Bankruptcy Procedure 4003,[3] a debtor must file a list of the assets the debtor claims as exempt pursuant to section 522. If the trustee or creditors wish to contest that claim of exemption, they must file an objection within thirty days under Federal Rule of Bankruptcy Procedure 4003(b).

In this case, Debtor sought to exclude his interest in the Trust pursuant to section 541(c)(2), and the Trustee and SPI objected to that exclusion on the same statutory basis.

---

1. The appellate record does not contain the documents in which Debtor was required to disclose all his assets and list the property he claimed as exempt from the estate. In addition, Debtor does not contest SPI's assertion that Debtor failed to list the property on its disclosure statement and to claim the property as exempt. Because it is Debtor/Appellant's burden to provide this Court with the appellate record pursuant to Federal Rule of Bankruptcy Procedure 8006, this Court concludes that Debtor failed to list either the Trust as property or to claim the Trust as exempt.

2. 11 U.S.C. § 522(*l*) provides as follows:

 The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor. Unless a party in interest objects, the property claimed as exempt on such list is exempt.

3. Rule 4003 provides, in part, as follows:

 **(a) Claim of exemptions**
 A debtor shall list the property claimed as exempt under § 522 of the Code on the schedule of assets required to be filed by Rule 1007. If the debtor fails to claim exemptions or file the schedule within the time specified in Rule 1007, a dependent of the debtor may file the list within 30 days thereafter.
 **(b) Objections to claim of exemptions**
 The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list or supplemental schedules unless, within such period, further time is granted by the court.

*See* Brief of Debtor Robert J. Spenlinhauer in Support of His Claim that His Interest in JRS Realty Trust of Maine is Exempt from the Bankruptcy Estate (Docket No. I–3) at 4 (contending that Bankruptcy Court should consider Trust exempt pursuant to section 541(c)(2)); Objection to Claim of Exemption and/or Classification by the Debtor (SPI's motion in which it objected to Debtor's claim that the Trust is not property of the estate pursuant to section 541(c)(2)). In fact, as discussed in section II.B, *infra*, the parties continue to contest whether the Trust should be excluded from the estate pursuant to section 541(c)(2). The Bankruptcy Court concluded that this issue addresses the estate's extent and is not a claim of exemption; therefore, the Court determined that the Trustee was not subject to Rule 4003(b). Memorandum of Decision (Docket No. I–6) at 4 n. 3.

Because Debtor was attempting to exclude the property from the estate pursuant to section 541(c)(2) rather than claim the property as exempt pursuant to section 522, Debtor was not required by Rule 4003(a) to list the property as a claimed exemption on the schedule of assets Debtor was required to file pursuant to Rule 1007. Similarly, the Trustee was not required by Rule 4003(b) to object to Debtor's claim of exclusion of the interest in the Trust within thirty days. In short, Rule 4003 does not apply to the attempted exclusion of Debtor's interest in the Trust because Debtor was attempting to exclude his interest in the Trust pursuant to section 541(c)(2) rather than attempting to exempt it from the estate pursuant to section 522.

 Therefore, contrary to the contention of Debtor, the Trustee's objection to Debtor's claim of exclusion was not untimely pursuant to Rule 4003(b).[4] This Court concludes that the Bankruptcy Court did not err by treating the dispute as one over inclusion of an asset in the estate rather than as a claim of exemption, or by concluding that the Trustee was not required to file an objection within the thirty day limitation period of Rule 4003(b).[5]

## B. Validity of Spendthrift Provision

██ Debtor contends that the Bankruptcy Court erred by concluding that the spendthrift trust provision is invalidated because Debtor is a settlor and beneficiary of the Trust. Instead, Debtor claims that the Trust is a valid spendthrift trust under applicable nonbankruptcy law, and therefore, the Trust should be excluded from the bankruptcy estate. Debtor asserts that a spendthrift trust should be invalidated only when a lone settlor is also the lone beneficiary.

██ As noted above, section 541(c)(2) affords an exclusion from the bankruptcy estate. The exclusion provides that "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." 11 U.S.C. § 541(c)(2). Therefore, a

4. Furthermore, this Court finds no merit in Debtor's contention that SPI and the Trustee have treated Debtor's claim as a claim of "exemption" and are, therefore, estopped from claiming that the dispute is over whether the interest in the Trust should be excluded. It does not matter that SPI and the Trustee may have labeled the dispute as one concerning a claimed "exemption." *See Petit v. Fessenden,* 80 F.3d 29, 33 (1st Cir.1996) ("Unless and until a debtor files a timely claim of exemptions, however, as required by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, there is no 'list of property claimed exempt' for the trustee or creditors to oppose."); *Mercer v. Monzack,* 53 F.3d 1, 3 (1st Cir.1995) (concluding that Rule 4003(b) objection need not be made until debtor clearly presents claim of exemption), *cert. denied,* —— U.S. ——, 116 S.Ct. 1317, 134 L.Ed.2d 471 (1996). Instead, what matters is that Rule 4003(b) concerns claimed exemptions under section 522 and that the substance of the dispute concerns a claimed *exclusion* from the property of the Debtor's estate, pursuant to section 541(c)(2), rather than a claimed *exemption,* pursuant to section 522. *See In re Kleist,* 114 B.R. 366, 369 (Bankr. N.D.N.Y.1990) ("The legal effect of property which is held in a spendthrift trust operates not as an exemption, but as an exclusion from property of the estate."); *In re Kelleher,* 12 B.R. 896 (Bankr.M.D.Fla.1981) (concluding that although spendthrift trust was not exempt under section 522, it was not property of the estate under section 541(c)(2)).

5. This Court further agrees with the Bankruptcy Court that the issue of whether SPI has standing need not be addressed because the Trustee has standing to contest the attempted exclusion.

debtor's interest in a spendthrift trust is exempt from the bankruptcy estate so long as the spendthrift provision is valid under nonbankruptcy law. *See, e.g., Matter of Moody,* 837 F.2d 719, 722–23 (5th Cir.1988); *In re Peterson,* 88 B.R. 5, 7 (Bankr.D.Me.1988).

■ Spendthrift trusts are valid in Maine. *See Lessard v. Metropolitan Life Ins. Co.,* 568 A.2d 491, 497 (Me.1989); *Roberts v. Stevens,* 84 Me. 325, 24 A. 873 (1892); *see also In re Kwaak,* 42 B.R. 599, 602 (Bankr.D.Me. 1984). Although there is little case law in Maine describing spendthrift trusts, the Bankruptcy Court has stated previously as follows:

> Generally speaking, a spendthrift trust is one which, by the terms of the trust or by statute, restrains the voluntary or involuntary transfer of the beneficiary's interest. Restatement (Second) of Trusts § 152(2) (1959). Under the common law of trusts, a spendthrift trust which names the settlor as beneficiary is invalid, and as a consequence, existing or future creditors can reach the settlor's interest. G. Bogert, Law of Trusts and Trustees, rev. 2d ed. § 223, pp. 438–439 (1979). These provisions ensure that though an individual can set up a trust to provide for the welfare of another, he cannot control his own assets to defraud his creditors.

*In re Kwaak,* 42 B.R. 599, 602 (Bankr.D.Me. 1984); *see also In re Peterson,* 88 B.R. at 7. In addition, the Restatement (Second) of Trusts provides that "[w]here a person creates for his own benefit a trust with a provision restraining the voluntary or involuntary transfer of his interest, his transferee or creditors can reach his interest." Restatement (Second) of Trusts, § 156(1) (1959).

In this case, the Bankruptcy Court concluded that the spendthrift provision was invalid because Debtor was both a settlor and a beneficiary of the Trust. Accordingly, the court refused to exclude the Trust from the bankruptcy estate. Memorandum of Decision at 8. This Court agrees with the Bankruptcy Court.

This Court is unpersuaded by Debtor's assertion that spendthrift provisions are invalid only when there is a sole settlor who is also the sole beneficiary. In fact, spendthrift provisions have been found to be unenforceable when the same person is one of multiple settlors and/or multiple beneficiaries. *See Matter of Hall,* 22 B.R. 942 (Bankr.M.D.Fla. 1982) (providing that creditors could reach debtor's interest in spendthrift trust in which debtor was one of two settlors and two primary beneficiaries); *Murphey v. C.I.T. Corp.,* 347 Pa. 591, 33 A.2d 16, 18 (1943) (concluding that where husband and wife created trust providing a life estate to themselves, the spendthrift clause in deed for their own benefit was ineffectual); *Bank of Dallas v. Republic Nat'l Bank of Dallas,* 540 S.W.2d 499, 502 (Tex.Civ.App.1976) (applying rule allowing creditors to reach the settlor's interest in a trust containing spendthrift provision even though settlor was not sole beneficiary of trust). In addition, a case that is nearly analogous to the one at hand is *Farmers State Bank v. Janish,* 410 N.W.2d 188 (S.D.1987). In *Janish,* like the present case, the debtor was one of three settlors and three beneficiaries of a trust with a spendthrift provision. In concluding that the creditors could garnish the debtor's interest in the trust, the Supreme Court of South Dakota indicated that "[i]t was only necessary that [the debtor] be a settlor and a beneficiary of this trust to render its spendthrift provisions ineffective against creditors, and allow them to reach her trust funds." *Id.* at 190.

Finally, as the bankruptcy judge below accurately observed:

> It is no answer that the debtor is one of several settlors and, at the same time, one of several beneficiaries. As to the self-settling spendthrift trust beneficiary, transfer restrictions will not remove his beneficial interest (sole or partial) from his creditors' reach. *See* Restatement § 156 cmt. f (addressing a situation in which the self-settling beneficiary is "one of the beneficiaries"); IIA *Scott on Trusts* § 156 at 167–68 ("To the extent which the settlor himself takes an interest under the trust ... that interest is subject to the claims of his creditors even though the creation of the trust was not a fraudulent conveyance.").

Memorandum of Decision at 8.

Spendthrift trust provisions have been invalidated where the debtor is the sole settlor

and sole beneficiary of the trust because there is the danger that the debtor will defraud the creditors. This concern remains just as strong where the debtor is one among multiple settlors and/or beneficiaries. Accordingly, this Court agrees with the conclusion of the Bankruptcy Court that the spendthrift provision is unenforceable and that the Trust may not be excluded from the bankruptcy estate under section 541(c)(2).[6]

### III. Conclusion

The Order of the Bankruptcy Court is hereby *AFFIRMED*.

---

6. The Court need not consider Debtor's further contention that because he has no unilateral control over the Trust, the spendthrift provision is not invalidated by the fact that he is both a trustee and a beneficiary of the Trust.