101 F.3d 106
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
In re Robert J. SPENLINHAUER, Debtor.
Robert J. SPENLIHAUER, Appellant,
v.
SPENCER PRESS, INC., Appellee.
 No. 96-1684.
 United States Court of Appeals, First Circuit.
 Nov. 14, 1996.
 
 Christopher B. Branson, with whom E. Stephen Murray and Murray, Plumb & Murray were on brief, for appellant.
 Stephen G. Morrell, with whom Eaton, Peabody, Bradford & Veague, P.A. & Veague, P.A. was on brief, for Joseph V. O'Donnell, Chapter 7 trustee.
 U. Charles Remmel, II, with whom Kelly, Remmel & Zimmerman was on brief, for appellee Spencer Press, Inc.
 Before SELYA, Circuit Judge, ALDRICH, Senior Circuit Judge, and BOUDIN, Circuit Judge.
 PER CURIAM.
 
 
 1
 After careful review of the briefs and the record in this matter, and after consideration of the points raised by counsel at oral argument, we see no fairly debatable question. The debtor sought exclusion of the res of the JRS Realty Trust (or, at least, his beneficial interest therein) from the bankruptcy estate under 11 U.S.C. § 541(c)(2) (1994); the trustee in bankruptcy obviously had standing to resist exclusion; and the trustee timely voiced an objection to exclusion. More to the point, the self-settled JRS Realty Trust, of which the debtor is both a settlor and a beneficiary, contains a spendthrift clause which is vulnerable under Maine law and which, therefore, cannot support the claim for exclusion. Accordingly, the bankruptcy court did not err in denying the debtor's request to withhold his interest in the trust from the bankruptcy estate.
 
 
 2
 We have repeatedly stated--and today reaffirm--that we will not write at length to explicate points that have been made perfectly clear by lower courts. Here, both the bankruptcy court, In re Spenlinhauer, 182 B.R. 361 (Bankr.D.Me.1995), and the district court, Spenlinhauer v. Spencer Press, Inc., 195 B.R. 543 (D.Me.1996), have written comprehensive opinions explaining why the debtor's quest for exclusion of his beneficial interest in the JRS Realty Trust from the bankruptcy estate is doomed to failure. Thus, we need go no further, but, rather, we summarily affirm the judgment on the basis of the lower courts' opinions.
 
 
 3
 Affirmed.