[NOT FOR PUBLICATION] [NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT



No. 96-1684

IN RE: ROBERT J. SPENLINHAUER,

Debtor.



ROBERT J. SPENLINHAUER,

Appellant,

v.

SPENCER PRESS, INC.,

Appellee.



APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. Gene Carter, U.S. District Judge] 



Before

Selya, Circuit Judge, 
Aldrich, Senior Circuit Judge, 
and Boudin, Circuit Judge. 



Christopher B. Branson, with whom E. Stephen Murray and 
Murray, Plumb & Murray were on brief, for appellant. 
Stephen G. Morrell, with whom Eaton, Peabody, Bradford & 
Veague, P.A. was on brief, for Joseph V. O'Donnell, Chapter 7 
trustee. 
U. Charles Remmel, II, with whom Kelly, Remmel & Zimmerman 
was on brief, for appellee Spencer Press, Inc.



November 14, 1996


Per Curiam. After careful review of the briefs and the Per Curiam. 

record in this matter, and after consideration of the points

raised by counsel at oral argument, we see no fairly debatable

question. The debtor sought exclusion of the res of the JRS 

Realty Trust (or, at least, his beneficial interest therein) from

the bankruptcy estate under 11 U.S.C. 541(c)(2) (1994); the

trustee in bankruptcy obviously had standing to resist exclusion;

and the trustee timely voiced an objection to exclusion. More to

the point, the self-settled JRS Realty Trust, of which the debtor

is both a settlor and a beneficiary, contains a spendthrift

clause which is vulnerable under Maine law and which, therefore,

cannot support the claim for exclusion. Accordingly, the

bankruptcy court did not err in denying the debtor's request to

withhold his interest in the trust from the bankruptcy estate.

We have repeatedly stated and today reaffirm that

we will not write at length to explicate points that have been

made perfectly clear by lower courts. Here, both the bankruptcy

court, In re Spenlinhauer, 182 B.R. 361 (Bankr. D. Me. 1995), and 

the district court, Spenlinhauer v. Spencer Press, Inc., 195 B.R. 

543 (D. Me. 1996), have written comprehensive opinions explaining

why the debtor's quest for exclusion of his beneficial interest

in the JRS Realty Trust from the bankruptcy estate is doomed to

failure. Thus, we need go no further, but, rather, we summarily

affirm the judgment on the basis of the lower courts' opinions.

Affirmed. 

2